**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PETER D. TEMPLETON,

Petitioner,

v.

HOYT A. BRILL and
JON E. LITSCHER,

Respondents.

Civil No. 00-403 (JRT/JGL)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Peter D. Templeton, Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500, *pro se* petitioner.

John W. Riches, Staff Personnel, PRAIRIE CORRECTIONAL FACILITY, P.O. Box 157, Appleton, MN 56208-2052, Michael D. Oeser, WISCONSIN DEPARTMENT OF JUSTICE, 123 West Washington Avenue, P.O. Box 7857, Madison, WI 53707-7857, and W. Karl Hansen, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN 55101, for respondents.

This matter is before the Court on petitioner Peter D. Templeton's appeal[1] from a portion of the Order of United States Magistrate Judge Jonathan G. Lebedoff dated May 5, 2000. Petitioner appeals from the portion of the Order joining Jon E. Litscher as a co-respondent in this 28 U.S.C. § 2254 habeas case.

[1] Petitioner refers to his filing as an "objection." As petitioner is seeking to overturn a non-dispositive pretrial Order of a Magistrate Judge, his filing is more properly termed an appeal.

SEP 18 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.1(b)(2). The Court has reviewed petitioner's legal arguments with respect to the portion of the Magistrate Judge's Order from which he appeals. Based on this review, the Court finds nothing that suggests the Order is clearly erroneous or contrary to law.

Petitioner is currently in custody pursuant to a Wisconsin conviction, but he is incarcerated in the Prairie Correctional Facility in Appleton, Minnesota, where respondent Hoyt A. Brill ("Brill") is the Warden. Respondent Jon E. Litscher ("Litscher") is the Secretary of the Wisconsin Department of Corrections. As the Magistrate Judge noted in refusing to substitute Litscher for Brill, the writ of habeas corpus operates against the custodian of the prisoner, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973), and thus Brill, as the physical custodian, is a proper respondent in this case. In recognition of Litscher's interest in the outcome of this case as petitioner's legal custodian, however, the Magistrate Judge ordered the joinder of Litscher as a co-respondent.

Petitioner appears to be concerned that the joinder of Litscher has somehow deprived the Court of jurisdiction. It is true that the court issuing the writ must have personal jurisdiction over the custodian. *See id.* Whether or not the Court has personal jurisdiction over Litscher, however, it clearly has personal jurisdiction over Brill, who remains a respondent. Moreover, the requirement of personal jurisdiction is generally waivable, *see Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1163 (8th Cir. 1999), and Litscher has not, to this date, objected to the assertion of jurisdiction over him. The

Court therefore finds nothing clearly erroneous or contrary to law in the Magistrate Judge's Order joining Litscher as a co-respondent.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that petitioner's appeal [Docket No. 22-3] is **DENIED** and the Order of the Magistrate Judge [Docket No. 20] is **AFFIRMED.**

DATED: September 18, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge