UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PETER D. TEMPLETON,

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

Civil File No. 00-403 (JRT/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter has been referred to the undersigned Magistrate Judge for consideration of Petitioner's most recent request for leave to file an amended habeas corpus petition. (Docket No. 67.) A copy of the proposed amended petition is included in the court file. (Docket No. 70.) For the reasons discussed below, it will be recommended that Petitioner's request for leave to amend be DENIED.

## I. BACKGROUND

Petitioner is a prisoner of the State of Wisconsin who is presently serving his sentence at the Prairie Correctional Facility, ("PCF") in Appleton, Minnesota. He began serving his sentence in prison facilities operated by the Wisconsin Department of Corrections, but he was transferred to PCF in late 1999 or early 2000, due to overcrowding in Wisconsin's state-operated prisons.

Petitioner commenced this action on March 31, 2000, by filing a petition for habeas corpus relief. (Docket No. 1.) During the next eight-and-a-half months thereafter, Petitioner filed:

FILED MAR 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(i) fifteen different motions or other applications for relief, (Docket Nos. 9, 13, 14, 15, 19, 21, 22, 28, 31, 34, 43, 51, 53, 58, 59);

(ii) nine different memoranda and addenda, (Docket Nos. 16, 17, 23, 29, 35, 47, 56, 60, 61);

(iii) three affidavits/exhibits, (Docket Nos. 24, 30, 54); and

(iv) five addenda, supplements, or amendments to his habeas petition, (Docket Nos. 42, 46, 48, 49, 50).

All of those various submissions were accepted, filed, reviewed, and addressed by this Court and/or by the District Court Judge.

On January 19, 2001, this Court filed a Report and Recommendation, ("R&R"), which addressed all of Petitioner's then outstanding applications for relief. (Docket No. 62.) The R&R specifically acknowledged Petitioner's various attempts to amend and supplement his habeas petition, and recommended that leave to amend be granted. Accordingly, the claims raised in Petitioner's final amended petition, (Docket No. 49), were addressed and decided on the merits in the prior R&R.

Since that R&R was filed, Petitioner has filed two motions seeking additional time to file objections to the R&R. (To date, no such objections have been filed.) He has also filed the motion to amend, and the proposed amended petition, which are now before the Court.

## II. DISCUSSION

A request for leave to file an amended habeas corpus petition is a matter left to the discretion of the court. Clemmons v. Delo, 177 F.3d 680, 686 (8th Cir.), cert. denied, 528

U.S. 1011 (1999). While leave to amend is to be "freely given when justice so requires," (id., quoting Fed. R. Civ. P. 15(a)), it is entirely appropriate to preclude a prisoner from filing an amended petition where the case has been pending for some period time, and the prisoner has already had an ample opportunity to present his claims. Id. (district court did not abuse its discretion by denying leave to amend, where the case had been "pending for some time," and the petitioner did not seek to amend until after the magistrate judge had entered a second R&R).

The present case had been pending for nearly nine months before this Court filed the prior R&R. During that time, Petitioner submitted more than thirty documents to the Court -- all of which were duly entertained and addressed. It is therefore evident that Petitioner had more than an ample opportunity to present all of his claims and arguments before the prior R&R was filed.

Furthermore, Petitioner's new claims are not based on any new evidence or new legal arguments that only recently became available.[1] Indeed, all of Petitioner's proposed

---

[1] As far as the Court can tell, Petitioner is attempting to add four new habeas claims: (1) that the State of Wisconsin forfeited its right to detain him when it sent him outside of its borders; (2) that he cannot be held at PCF, because it is not considered to be a prison "institution" pursuant to 42 U.S.C. § 1997(1)(a) and (2)(a), (3) that the State of Wisconsin cannot exercise any "jurisdiction," "authority" or "control" over him while he is in Minnesota, and (4) that transferring him to Wisconsin violated his rights under the ex post facto clause, because it effectively changed the conditions of his incarceration after sentencing. None of these claims appears to have any merit. The first and third "new" claims are indistinguishable from Ground 2 of the first amended petition, which was addressed (and rejected) in the prior R&R. (See R&R dated January 19, 2001, [Docket No. 62], pp. 9-12.) The second new claim is based on a statute that pertains to civil rights actions, not habeas corpus petitions. The final new claim is plainly frivolous, because the ex post facto clause does not protect a prisoner from normal changes in the conditions of his confinement, which do not increase his punishment. See Dominque v. Weld, 73 F.3d 1156, 1162-63 (1st Cir. 1996).

"new claims" could have been raised in the original petition that was filed nearly a year ago; they certainly should have been raised long before the prior R&R was filed.

Neither the Co-respondents nor the District Court should be required to address any more of Petitioner's apparently endless supply of new submissions and new arguments. Given the procedural history of this case, it is entirely appropriate to disallow any further new pleadings at this late stage of the proceedings. It will therefore be recommended that Petitioner's latest motion to file another amended habeas corpus petition be denied.

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's pending motion seeking leave to file an amended petition, (Docket No. 67), be DENIED, and that Petitioner's proposed amended petition, (Docket No. 70), be STRICKEN.

Dated: March 15, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 2, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.