**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PETER D. TEMPLETON, Civil No. 00-403 (JRT/JGL)

Petitioner,

v.

HOYT BRILL, Warden; and
JON E. LITSCHER,

Respondents.

**ORDER DENYING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Peter De. Templeton, Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500, petitioner *pro se*.

John W. Riches, Staff Personnel, PRAIRIE CORRECTIONAL FACILITY, P. O. Box 157, Appleton, MN 56208-0157; Michael D. Oeser, WISCONSIN DEPARTMENT OF JUSTICE, 123 West Washington Avenue, P. O. Box 7857, Madison, WI 53707-7857; and W. Karl Hansen, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN 55101, for respondents.

This matter is presently before the Court on petitioner's application for leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons discussed below, the application will be denied.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P.

FILED JUN 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In the instant case, it is not necessary to decide whether petitioner is financially eligible for IFP status, because the Court finds his current appeal to be frivolous.

As a general rule, only final judgments are appealable. 28 U.S.C. § 1291. The purpose of the "final judgment rule" is to avoid piecemeal appeals. 19 *James Wm. Moore et al., Moore's Federal Practice*, ¶ 202.03[1] (3d ed. 1999) . While interlocutory appeals can be take under certain special circumstances (*id.* at ¶ 202.05[1]; 28 U.S.C. § 1292), petitioner has not shown (or even claimed) that any such circumstances are present here.

As far as the Court can tell, petitioner is attempting to appeal this Court's order of September 18, 2000. That order merely upheld a prior order entered by a United States Magistrate Judge, which caused Jon E. Litscher, the Secretary of the Wisconsin Department of Corrections, to be joined as a co-respondent in this action. Petitioner's habeas corpus

claims are still pending before this Court,[1] so no final judgment has been entered in this case. Because no final judgment has been entered, petitioner's appeal cannot go forward at this time.

Thus, the Court concludes that Petitioner has no arguable basis in fact or law for taking an appeal at this stage of this case, and that his current appeal is frivolous, and not taken in good faith. Petitioner's application for leave to proceed IFP on appeal will therefore be denied.

**ORDER**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's application to proceed *in forma pauperis* on appeal [Docket No. 58] is **DENIED**.

DATED: May 31, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[1] The Magistrate Judge has recommended that petitioner's habeas petition be dismissed, but this Court has not yet ruled on petitioner's objections to that recommendation.