**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PETER D. TEMPLETON, Civil No. 00-403 (JRT/JGL)

Petitioner,

v.

**ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

HOYT A. BRILL , Warden,
Prairie Correctional Facility; and
JON E. LITSCHER,

Respondents.

---

Peter D. Templeton, Prairie Correctional Facility, Box 500, Appleton, MN 56208, *pro se*.

Michael D. Oeser, Assistant Attorney General, WISCONSIN DEPARTMENT OF JUSTICE, 123 West Washington Avenue, Post Office Box 7857, Madison, WI 53707, for respondents.

Petitioner Peter D. Templeton brought suit for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents moved to dismiss the action. The motions were referred to United States Magistrate Judge Jonathan G. Lebedoff pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). This matter is now before the Court on the objections of petitioner to two Report and Recommendations of Magistrate Judge Lebedoff, dated January 19, 2001 and March 15, 2001. Petitioner objects to the Magistrate Judge's recommendations that petitioner's transfer from a Wisconsin prison to a privately owned Minnesota prison is not

FILED SEP 2 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 2 5 2001
DEPUTY CLERK

a violation of his Constitutional rights, that he should not be allowed to amend his petition for a second time, and that his petition should be dismissed with prejudice.

The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections and adopts the two Report and Recommendations of the Magistrate Judge.

**BACKGROUND**

Petitioner is a prisoner of the State of Wisconsin who is presently serving his sentence at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. He began serving his sentence in prison facilities operated by the Wisconsin Department of Corrections, but was transferred to PCF in late 1999 or early 2000, due to overcrowding in Wisconsin's state-operated prisons.

Petitioner commenced this action on March 31, 2000 by filing a petition for habeas corpus relief. During the next eight-and-a-half months, petitioner filed: 1) fifteen different motions or other applications for relief; 2) nine different memoranda and addenda; 3) three affidavits/exhibits, and; 4) five addenda, supplements, or amendments to his habeas petition.

On January 19, 2001, Magistrate Judge Lebedoff issued a Report and Recommendation addressing all of petitioner's then outstanding applications for relief. The Report and Recommendation specifically acknowledged petitioner's various attempts to amend and supplement his habeas petition, and recommended that leave to

amend be granted. Accordingly, the claims raised in petitioner's final amended petition were addressed on the merits in the Magistrate Judge's January 19, 2001 Report and Recommendation. After twice having been granted extensions of time to object to the Report and Recommendation, petitioner submitted his objections on April 12, 2001.

On February 26, 2001, petitioner also filed a motion for leave to amend his petition for a second time. On March 15, 2001, the Magistrate Judge recommended that the request for leave to amend be denied. Objections to this second Report and Recommendation were due on April 2, 2001. Petitioner did not move for an extension of time to object to this second Report and Recommendation. However, petitioner's April 12, 2001 objections also appear to be directed to the March 15, 2001 Report and Recommendation. The Court will therefore consider petitioner's objections of April 12, 2001 to apply to both the January 19, 2001 Report and Recommendation and the March 15, 2001 Report and Recommendation.

## DISCUSSION

The Court initially notes that it is unable to fully understand all of petitioner's objections. However, the Court will endeavor to address all of those arguments that are comprehensible and at least arguably viable. To the extent the Court does not discuss an argument raised by petitioner, the Court believes that the objection has no basis in law and is therefore overruled.

The bulk of petitioner's objections are in reference to his transfer from a Wisconsin prison to a prison in Appleton, Minnesota. Petitioner argues that this practice,

which is commonly used by prisons to alleviate overcrowding, is unconstitutional for a number of reasons. The Court will not revisit many of the issues addressed by the Magistrate Judge, but instead will focus on the specific objections raised by petitioner.

## I. Merits of Petitioner's Habeas Petition

Wisconsin Statutes § 301.21(2m)(a) provides that the Wisconsin Department of Corrections "may enter into one or more contracts with a private person for the transfer and confinement in another state of prisoners who have been committed to the custody of the department." The statute goes on to detail the provisions that must be contained in such a contract. Petitioner does not contend that the contract between Wisconsin and PCF violates the express provision of Wis. Stat. § 301.21. Instead, petitioner argues that the statute is unconstitutional.

Wisconsin courts, however, have recognized and upheld the constitutionality of § 301.21. In *Evers v. Sullivan*, 615 N.W.2d 680 (Wis. Ct. App. 2000), *rev. denied*, 619 N.W.2d 94 (Oct. 17, 2000), the Wisconsin Court of Appeals concluded that § 301.21 authorized the Department of Corrections to transfer inmates to out-of-state facilities without their consent. *Id.* at 686. The *Evers* court also held that inmates do not possess a state-created liberty interest in remaining in the state in which they were initially sentenced. *Id.*

### A. Article I, Section 10

Petitioner's principal argument is that he is entitled to relief under Article I, Section 10, Clause 3 of the United States Constitution, which provides that:

> No State shall, without Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay.

The Magistrate Judge noted that, "[i]f Petitioner is arguing that the agreement entered into between PCF and Wisconsin Department of Corrections somehow violates this clause of the Constitution, then his argument fails for the simple reason that PCF is not 'another State.'" In his objections, petitioner argues that PCF is, in fact, a "foreign power," and, therefore, any agreement between the Wisconsin Department of Corrections and PCF must have the consent of Congress.

The Court does not agree. PCF is not a foreign power. That term is used in § 10, Clause 3 of the Constitution to denote a country or entity outside of the United States. *See, e.g., United States Steel Corp. v. Multistate Tax Comm'n*, 434 U.S. 452, 464-65 (1978). Likewise, petitioner's objection that contracts to transfer inmates to other states undermine federal supremacy is unsupported. For example, *Lambert v. Sullivan*, 35 F. Supp. 2d 1131 (E.D. Wis. 1999), which discusses agreements to transfer inmates to other states, holds that, "[s]uch compacts are not matters of federal concern because they do not increase a state's political powers at the expense of federal supremacy." *Id.* at 1134.

**B. Civil Commitment**

Petitioner next argues that his case is analogous to *Vitek v. Jones*, 445 U.S. 480 (1980), which held that transferring an inmate to a mental hospital without a hearing was

a violation of that prisoner's due process rights. Petitioner argues that, like the inmate in *Vitek*, his transfer to PCF was a civil commitment and that he is therefore entitled to due process prior to the transfer. This assertion is incorrect. Petitioner was sentenced to prison for reckless homicide, clearly a criminal sentence. Petitioner was not transferred to a mental institution, but instead to a comparable prison facility in Minnesota. His transfer does not constitute a civil commitment. *Vitek* is therefore inapposite and petitioner was not entitled to due process before the transfer.

### C. Terms of Petitioner's Sentence

Petitioner also argues that the language of his sentence requires that he remain incarcerated in a Wisconsin prison. The cases petitioner relies on, however, do not support his argument. In fact, the most relevant of the three cases cited by petitioner, *State ex rel. Speener v. Gudmanson*, actually supports Magistrate Judge's conclusion on this issue. 610 N.W.2d 136, 142 (Wis. Ct. App. 2000) ("Wisconsin Stat. § 301.21 . . . authorizes the Department of Corrections to enter into contracts with other states, political subdivisions of other states or private persons for the transfer of prisoners").

Petitioner also attempts to distinguish *Evers* and *Lambert*, the cases relied upon by the Magistrate Judge. Petitioner asserts that *Evers* does not involve "forced transfers." However, the primary issue in that case was whether the Wisconsin Department of Corrections could transfer unwilling inmates to out-of-state facilities without their consent. *See Evers*, 615 N.W.2d at 686. The Wisconsin Court of Appeals held that it could. *Id.* Likewise, petitioner's assertion that *Lambert* is not on point is also incorrect.

*Lambert* specifically holds that a state may contract with a private entity to hold its inmates. *Lambert*, 35 F. Supp. 2d at 1134. The Court therefore overrules these objections made by petitioner.

**D. Jurisdiction**

Petitioner also objects to the Report and Recommendation by arguing that Wisconsin no longer has jurisdiction over an inmate once that inmate leaves the state. However, neither of the cases cited by petitioner are applicable to the facts of this case. *Welfare of S. H. v. Administrator of Golden Valley Health Center*, 386 N.W.2d 805 (Minn. Ct. App. 1986), concerns the Full Faith and Credit Clause, not a contract between a state and a private prison. *Id.* at 807. *Welfare of S.H.* therefore does not bear on the instant case. *State v. McCormick*, 273 N.W.2d 624 (Minn. 1978), the other case cited by petitioner, involves whether the state has jurisdiction over a crime committed outside of its borders that also has an effect inside the state. *Id.* at 625-28. *McCormick* does not address the issue of whether a state retains jurisdiction over an inmate that is transferred to a private facility in another state. *Id.* The Court agrees with the Magistrate Judge, that a state does not lose jurisdiction over an inmate when it transfers the inmate to an out-of-state prison. *See Blango v. Thornburgh*, 942 F.2d 1487, 1491 (10th Cir. 1991) (holding that the District of Columbia did not waive jurisdiction over habeas petitioner by transferring him to a federal prison in Leavenworth, Kansas); *Joyner v. Henman*, 755 F. Supp 982, 985 (D. Kan. 1991) ("[t]here is no merit to petitioner's claim that the state

of Pennsylvania lost all jurisdiction when it transferred him to [the U.S. penitentiary in Leavenworth, Kansas].").

Accordingly, petitioner's objections to the January 19, 2001 Report and Recommendation are overruled and the Court adopts the Magistrate Judge's Report and Recommendation.

## II. Petitioner's Request to Further Amend his Petition

Petitioner also objects to the Magistrate Judge's recommendation of March 15, 2001, that his request to further amend his habeas petition be denied. A request for leave to file an amended habeas corpus petition is a matter left to the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999). While leave to amend is to be "freely given when justice so requires," it is entirely appropriate to preclude a prisoner from filing an amended petition where the case has been pending for some time, and the prisoner has already had an ample opportunity to present his claims. *Id.* (quoting Fed. R. Civ. P. 15(a)).

The present case had been pending for approximately nine months before the Magistrate Judge issued his January 19, 2001 Report and Recommendation. During that time, petitioner made more than thirty submissions to the Court – all of which were entertained and addressed by the Magistrate Judge in his January 19, 2001 Report and Recommendation. It is therefore evident that petitioner has had more than ample opportunity to present all of his claims and arguments to the Court. Furthermore, petitioner's proposed additional claims are not based on any new evidence, nor contain

novel legal arguments.[1] Indeed, all of petitioner's proposed "new claims" could have been raised in the original petition that was filed nearly a year ago.

Given the procedural history of this case, it is entirely appropriate to disallow further amended pleadings at this late stage of the proceedings. Petitioner's motion to file a further amended habeas corpus petition is therefore denied.

**ORDER**

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 74] and **ADOPTS** the two Report and Recommendations of the Magistrate Judge [Docket Nos. 62 & 73]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion seeking leave to file an Amended Petition [Docket No. 43] is **GRANTED**, and that petitioner's eligibility for habeas corpus relief has been decided based on the claims raised in the Amended Petition [Docket No. 49];

---

[1] As far as the Court can tell, petitioner is attempting to add four new claims to his petition: (1) that the State of Wisconsin forfeited its right to detain him when it sent him outside of its borders; (2) that he cannot be held at PCF because it is not a prison "institution" pursuant to 42 U.S.C. § 1997(1)(a) and (2)(a); (3) that the State of Wisconsin cannot exercise any "jurisdiction," "authority," or "control" over petitioner while he is in Minnesota; and (4) that transferring petitioner to Wisconsin violated his rights under the *ex post facto* clause, because it effectively changed the conditions of his incarceration after sentencing.

None of these claims have merit. The first and third "new" claims are indistinguishable from the second ground of petitioner's first amended petition, which was addressed and rejected both by the Magistrate Judge and now by the Court. The second "new" claim is based on a statute that pertains to civil rights actions, not to habeas petitions. And the last new claim is plainly frivolous as the *ex post facto* clause does not protect a prisoner from normal changes in the conditions of his confinement, which do not increase his punishment. *See Dominique v. Weld*, 73 F.3d 1156, 1162-63 (1st Cir. 1996).

2. Respondents' motions to dismiss petitioner's application for habeas corpus relief [Docket Nos. 7 & 38] are **GRANTED**;

3. Petitioner's motions seeking to (a) remove Jon Litscher from this action and/or (b) strike some or all of the materials submitted by counsel for respondent Jon Litscher [Docket Nos. 19, 21, 22, and 51] are **DENIED**;

4. Petitioner's "Motion for Release Pending Review of Decision" [Docket No. 31] is **DENIED**;

5. Petitioner's "Motion for Granting the Petition" [Docket No. 59] is **DENIED**;

6. Petitioner's "Motion for Appointment of Counsel" [Docket No. 53] is **DENIED**;

7. Petitioner's second "Application to Proceed Without Prepayment of Fees" [Docket No. 58] is **DENIED**;

8. Petitioner's motion seeking leave to filed an amended petition [Docket No. 67] is **DENIED** and petitioner's proposed Amended Petition [Docket No. 70] is **STRICKEN**;

9. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 9/25/2001
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 25, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.