**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PETER D. TEMPLETON, Civil No. 00-403 (JRT/JGL)

Petitioner,

v.

**ORDER**

HOYT BRILL and
JON E. LITSCHER,

Respondents.

---

Peter D. Templeton, Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500, petitioner *pro se*.

John W. Riches, PRAIRIE CORRECTIONAL FACILITY, P. O. Box 157, Appleton, MN 56208-0157; Michael D. Oeser, WISCONSIN DEPARTMENT OF JUSTICE, 123 West Washington Avenue, P. O. Box 7857, Madison, WI 53707-7857; and W. Karl Hansen, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 445 Minnesota Street, St. Paul, MN 55105, for respondents.

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition challenging the legality of his confinement at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. The matter was referred to United States Magistrate Judge Jonathan Lebedoff, who concluded that petitioner was not entitled to habeas corpus relief, and recommended that

FILED NOV 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

his petition be dismissed. (*See* Report and Recommendation dated January 19, 2001. This Court later conducted a *de novo* review of the case, adopted the Report and Recommendation, and ordered that this action be dismissed with prejudice. (Order dated September 25, 2001.) Thereafter, petitioner filed a Notice of Appeal. Petitioner's Notice of Appeal was accompanied by a request for a Certificate of Appealability, which is now before the Court. For the reasons discussed below, petitioner will not be granted a Certificate of Appealability in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order denying a petition for habeas corpus relief under 28 U.S.C. § 2254 without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a **substantial showing** of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also*, *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further

proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, petitioner is seeking appellate review of just one of the several claims raised in his habeas corpus petition. The claim for which he is requesting a COA pertains to an agreement between the State of Wisconsin and the private operators of PCF. That agreement allows Wisconsin prisoners to be transferred to, and housed at, PCF. Petitioner claims that the agreement violates the "Compact Clause" (Article I, Section 10, Clause 3 of the United States Constitution) because it constitutes an "Agreement or Compact" between a state and "another state" or "foreign power," which has been entered into without the consent of the United States Congress.

Petitioner's "Compact Clause" claim is plainly without merit, because PCF obviously is **not** "another state" or a "foreign power." Thus, the agreement between PCF and the State of Wisconsin is not subject to any restrictions imposed by the "Compact Clause."

Petitioner has offered no reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide his "Compact Clause" claim any differently than it

was decided here. Nor has Petitioner shown (or even suggested) that any of the other claims raised in his habeas corpus petition might be resolved in his favor by other reasonable jurists. Moreover, the Court cannot independently identify anything novel, noteworthy or worrisome in petitioner's case, which might cause it to warrant appellate review. Therefore, the Court concludes that petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and that he is not entitled to a COA.[1]

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's request for a Certificate of Appealability [Docket No. 82] is **DENIED**.

DATED: Nov. 5, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[1] Petitioner presumably will have to either pay the full $105 filing fee for his present appeal, or else seek and obtain leave to proceed in forma pauperis, ("IFP"). He has not applied for leave to proceed IFP on appeal, and he could, of course, elect to pay the full filing fee at the appellate court level, (just as he did at the district court level), in which case there would be no need for him to seek IFP status. Thus, Petitioner's eligibility for IFP status is not now before the Court, and will not be decided here.